UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSEMARY ABBOTT,

                Plaintiff,

v.

**DECISION AND ORDER**
17-CV-336S

SECOND ROUND SUB, LLC,

                Defendant.

## I.    INTRODUCTION

Plaintiff, Rosemary Abbott, brings this action alleging that Defendant, Second Round Sub, LLC ("Second Round"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA") and New York General Business Law ("NYGBL"). Presently before this Court is Second Round's motion for judgment on the pleadings. For the following reasons, that motion is granted.

## II.    BACKGROUND[1]

Plaintiff alleges that she incurred a financial obligation for personal, family or household purposes that is therefore a "debt" under the FDCPA. (Docket No. 1-1, Complaint ¶ 15.) She further alleges that she received correspondence from Second Round dated December 28, 2016 and January 7, 2017, in which Second Round sought payment of that debt. (Id. ¶ 17.) Plaintiff responded to Second Round in a letter dated January 13, 2017, in which she stated:

> Pursuant to the Fair Debt Collections Practices Act (FDCPA), I hereby demand that you terminate any and all contact with me, or any members of

---

[1] For the sake of brevity and clarity, this Court will recite only those facts pertinent to the pending motion. The facts are drawn from the pleadings and the attached exhibits, and are undisputed unless otherwise noted.

1

> my family or household, regarding the collection of an alleged debt you have sought to collect under the above-captioned account number.
>
> . . .
>
> This debt is disputed as to the amount. I hereby request validation of the debt. I authorize you to provide such validation to me in a single written communication. Other than that one exception, I expressly demand that you cease any and all communication about this debt, pursuant to the FDCPA §1692c.

(Docket No. 6-1, the "January 2017 Letter".) Second Round replied to Plaintiff on February 1, 2017 (Docket No. 6-2, the "February 2017 Letter"). The February 2017 Letter contained the requested verification of debt, including three billing statements for a "LORD & TAYLOR CARD" in Plaintiff's name, as well as a bill of sale reflecting the assignment of receivables from GE Capital to Second Round (the "Verification Documents"). The February 2017 Letter also included a dated cover letter (the "Cover Letter"), noting the amount of the debt, account name, original creditor, and current creditor. The Cover Letter states: "We have received your claim of dispute, fraud or identity theft on the above referenced account. In order to help complete the investigation process we request you supply documents to Second Round," and sets forth a list of requests based on potential disputes, including disputes as to balance and claims of identity theft or fraud. (Id. at 1.) The Cover Letter further states: "Second Round may return your account to active collections without supporting documentation from you." (Id., emphasis removed.) No further correspondence is alleged to have passed between the parties after the February 2017 Letter.

Plaintiff commenced this action on March 10, 2017, in the Supreme Court of the State of New York, County of Erie, asserting claims under 15 U.S.C. §§ 1692c(c), 1692e,

2

1692e(2)(A), 1692g(b), and NYGBL § 349(a).  (Complaint, ¶¶ 32, 34-36.)  Second Round removed the action to this Court on April 19, 2017.

## III. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard by which to decide a 12(c) motion is the same as for a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).  In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Further, this Court accepts as true all factual allegations in the non-moving party's pleadings and draws all reasonable inferences in favor of the party opposing the motion.  See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

### A. Section 1692c(c)

Section 1692c(c) of the FDCPA is intended to protect consumers against unwanted communication from debt collectors.  It provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

3

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c). "Courts in the Second Circuit evaluate claims under the FDCPA according to how the 'least sophisticated consumer' would understand the communication." Sussman v. I.C. Sys., Inc., 928 F. Supp. 2d 784, 795 (S.D.N.Y. 2013) (citing Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)).

Plaintiff's January 2017 Letter included a request that Second Round cease communications, thereby invoking §1692c(c). It also requested validation of the debt and expressly waived its request that Second Round cease communications with respect to a "single written communication" on that subject. (See Docket No. 6-1.) Although § 1692c(c) does not directly address waiver, courts have held that communications like Plaintiff's January 2017 Letter "constitute[ ] a waiver of [the] cease communication directive, but only with respect to the verification information." Crumel v. Kross, Lieberman & Stone, Inc., No. 5:14-CV-80-BR, 2015 WL 1565432, at *5 (E.D.N.C. Apr. 8, 2015) (citing Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210, 1217 (M.D. Fla. 2009) ("The Court notes that Plaintiff's request for verification of debt is a waiver of the 'cease communication' directive with respect to verification of the debt."); see also Johnson v. Equifax Risk Mgmt. Servs., No. 00 CIV.7836(HB), 2004 WL 540459, at *9 (S.D.N.Y. Mar. 17, 2004). Here, Plaintiff's waiver was limited to one written communication regarding validation, "[t]hus, the only remaining question is whether [Second Round's February 2017 Letter] exceeded the scope of" that waiver. See id.

Plaintiff does not argue that the Verification Documents (the three bill statements and proof of ownership transfer for the debt) exceeded the scope of her waiver; she disputes only the Cover Letter, in which Second Round requested proof of payment, theft,

4

or identity fraud. In support of her argument that the Cover Letter exceeded the scope of the waiver, Plaintiff relies on Johnson, 2004 WL 540459. In Johnson, as here, the plaintiff requested that the defendant cease communications except to verify an alleged debt. The defendant responded by fax with verification accompanied by an affidavit of forgery. Id. at *1-2. After the verification, the defendant sent several letters, including two further demands for payment and three additional affidavits of forgery. Id. While the court found that the later affidavits and demands for payment violated § 1692c(c), id. at *9, it did not find that the initial affidavit of forgery, which was sent by fax together with verification of the debt, violated the FDCPA. Accordingly, Johnson would not necessarily support a finding that the Cover Letter, sent together with the verification documents, violated § 1692c(c).

Plaintiff's reliance on this Court's decision in Marino v. Hoganwillig, PLLC, 910 F. Supp. 2d 492, 494 (W.D.N.Y. 2012), is similarly misplaced. In Marino, the defendant responded to plaintiff's cease-and-desist and request for verification with the relevant verification documents, but later sent two additional letters demanding payment. Id. at 494. This Court found that the initial verification response "did not violate the FDCPA," but that the later demands were violations of the FDCPA because they did not fall into the enumerated exceptions to § 1692c(c). Id. at 497. In both Johnson and Marino, the defendants sent unequivocal demands for payment after the plaintiffs had requested that communications cease. See also Crumel, 2015 WL 1565432, at *6 (defendant's letter, which included "an unequivocal demand for full payment of the debt . . . violated plaintiff's request that defendant not contact him apart from verifying the debt"). Here, Plaintiff does not allege that Second Round made any communication after her cease-and-desist

request other than the Verification Documents and Cover Letter contained in the February 2017 Letter. The February 2017 Letter, on its face, is not a demand for payment. Indeed, the language of the Cover Letter implies that attempts at collection have been suspended. (See Docket No. 6-2 at 1 ("Second Round may return your account to active collections without supporting documentation from you.").)

Instead, the February 2017 Letter is more akin to the communications made by the defendant in Garcia v. Gurstel Chargo, P.A., No. 2:12-CV-1930 JWS, 2013 WL 4478919, at *5 (D. Ariz. Aug. 21, 2013). In Garcia, the court dismissed a § 1692c(c) claim, finding that a fraud affidavit sent to the plaintiff after he had requested that communications cease fell into the second exception to § 1692c(c). 2013 WL 4478919, at *5 (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998)). The court held that the solicitation for further information regarding fraud in order to resolve the dispute was "notice of a specific remedy" that the defendant might invoke, and therefore not a violation of the FDCPA. Id. Plaintiff attempts to distinguish Garcia by arguing that she did not claim identity theft, but her January 2017 Letter states that she disputes the balance of the debt. The Cover Letter's request that Plaintiff supply documents to assist in Second Round's investigation of that dispute is analogous to the fraud affidavit, and falls within the exception to the statute because it "represents an effort by [Second Round] to help resolve the matter amicably." Garcia, 2013 WL 4478919, at *5.

Although Plaintiff argues that the Cover Letter was "assertive[ ] contact" from Second Round "in an attempt to collect" on the debt (Docket No. 14, Plaintiff's Opp. at 2), this Court can discern no language in Second Round's February 2017 Letter that seeks to collect on the debt or otherwise violates §1692c(c). Accordingly, because "no plausible

6

inference of wrongdoing can be drawn from the face of the correspondence at issue and the well-pled allegations of the complaint," even "from the perspective of the 'least sophisticated consumer,'" the §1692c(c) claim must be dismissed. See Vazquez v. Prof'l Bureau of Collections of Maryland, Inc., 217 F. Supp. 3d 1348, 1352 (M.D. Fla. 2016).

B.  **FDCPA Sections 1692g(b), 1692e, and NYGBL § 349(a)**

Abbott also asserts that Second Round violated FDCPA §§ 1692g(b) and 1692e, as well as NYGBL § 349(a). In its motion, Second Round Sub argued that each of these claims should be dismissed. Plaintiff made no argument opposing dismissal of these claims, and responded only to those arguments regarding § 1692c(c). Accordingly, this Court deems the claims to be abandoned. See Brandon v. City of New York, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (dismissing claims in motion for judgment on the pleadings where plaintiff did not raise any arguments opposing defendants' motion).

## IV.   CONCLUSION

Because Plaintiff has failed to state any viable claims, Second Round's motion for judgment on the pleadings is granted and the case is dismissed.

## V.   ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 27, 2017
Buffalo, New York

                                           /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge